B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Grigsby, Todd Stanley** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-1269** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**608 Springbrook Trail North**<br>**Oswego, IL**<br><div align="right">ZIP Code **60543**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Kendall** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization) (Check one box)

☑ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☑ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

☑ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                      Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Grigsby, Todd Stanley** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed: **Northern District of Illinois** | Case Number: **03-21997** | Date Filed: **5/19/03** |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Nathan Volheim                     January 30, 2014** Signature of Attorney for Debtor(s)              (Date) **Nathan Volheim** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)


_____
(Address of landlord)


☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                                                                                Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Grigsby, Todd Stanley** |

<div align="center">Signatures</div>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Todd Stanley Grigsby**
Signature of Debtor  **Todd Stanley Grigsby**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**January 30, 2014**
Date

### Signature of Attorney*

X **/s/ Nathan Volheim**
Signature of Attorney for Debtor(s)

**Nathan Volheim 6032103**
Printed Name of Attorney for Debtor(s)

**Sulaiman Law Group, Ltd.**
Firm Name

**900 Jorie Boulevard**
**Suite 150**
**Oak Brook, IL 60523**

Address

**Email: mbadwan@sulaimanlaw.com**
**630-575-8181  Fax: 630-575-8188**
Telephone Number

**January 30, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Todd Stanley Grigsby**
_____
Debtor(s)

Case No. _____

Chapter   **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Todd Stanley Grigsby**
                       **Todd Stanley Grigsby**

Date:   **January 30, 2014**

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court

## Northern District of Illinois

In re **Todd Stanley Grigsby**                                                          ,      Case No. _____

                                        Debtor

                                                                                                Chapter                                    **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 113,871.00 | | |
| B - Personal Property | Yes | 4 | 23,139.96 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 2 | | 200,191.08 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 69,148.03 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 6,682.35 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 7,309.63 |
| Total Number of Sheets of ALL Schedules | | 24 | | | |
| | | Total Assets | 137,010.96 | | |
| | | | Total Liabilities | 269,339.11 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

.

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Todd Stanley Grigsby**

Debtor ,

Case No. _____

Chapter _____ **7** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 16,408.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 16,408.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 6,682.35 |
| Average Expenses (from Schedule J, Line 22) | 7,309.63 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 7,871.56 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 71,630.08 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 69,148.03 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 140,778.11 |

B6A (Official Form 6A) (12/07)

.

In re    **Todd Stanley Grigsby** _____,    Case No. _____
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **608 Springbrook Trail North Oswego, Illinois 60543 Townhome Purchased in February 2005 (Purchase Price $183,000.00) Value Per Zillow.com** | **Fee Simple** | - | **113,871.00** | **180,742.08** |

| | | | |
|---|---|---|---|
| | Sub-Total > | **113,871.00** | (Total of this page) |
| | Total > | **113,871.00** | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re  **Todd Stanley Grigsby**                                              ,   Case No. _____
                                                         Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Old Second Bank Checking Account Ending with 4424 50% Interest with Non Filing Spouse** | J | 11.00 |
| | | | **Old Second Bank Checking Account Ending with 2400 50% Interest with Non Filing Spouse** | - | 0.96 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Used Household Goods, Furniture and Appliances** | - | 1,380.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Personal Items** | - | 100.00 |
| 6. | Wearing apparel. | | **Used Clothing** | - | 400.00 |
| 7. | Furs and jewelry. | | **Wedding Ring** | - | 50.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | **.22 Pistol and .22 Rifle** | - | 150.00 |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  | |
|---|---|
| Sub-Total > | **2,091.96** |
| (Total of this page) | |

  _3_   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Todd Stanley Grigsby**                                    ,    Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Defined Benefit Pension No Current Cash Value** | **-** | **0.00** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Anticipated 2013 Tax Refund 50% Interest with Non Filing Spouse** | **-** | **1,250.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          **1,250.00**
(Total of this page)

Sheet  __1__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **Todd Stanley Grigsby**                                    ,        Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | | **FOID Card** | - | 0.00 |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | **Illinois Drivers License** | - | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2005 Dodge Caravan SXT with 90,000 Miles Value Per KBB, PPV** | - | 4,148.00 |
| | | **2010 Chrysler Town & Country with 32,000 Miles Value Per KBB, PPV** | - | 13,880.00 |
| | | **2007 Honda CRF80F MotoCross Value Per Nadaguide.com** | - | 870.00 |
| | | **2012 Honda CRF50F Moto Cross (Child) Value Per Nadaguide.com** | - | 850.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **Dog (Family Pet)** | - | 50.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >          19,798.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Todd Stanley Grigsby**                                    ,          Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 23,139.96 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/13)

In re  **Todd Stanley Grigsby**                                               ,     Case No. _____
                              Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $155,675. *(Amount subject to adjustment on 4/1/16, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                      *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **608 Springbrook Trail North** | **735 ILCS 5/12-901** | **15,000.00** | **113,871.00** |
| **Oswego, Illinois 60543** | | | |
| **Townhome** | | | |
| **Purchased in February 2005 (Purchase Price** | | | |
| **$183,000.00)** | | | |
| **Value Per Zillow.com** | | | |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Old Second Bank** | **735 ILCS 5/12-1001(b)** | **22.00** | **22.00** |
| **Checking Account Ending with 4424** | | | |
| **50% Interest with Non Filing Spouse** | | | |
| | | | |
| **Old Second Bank** | **735 ILCS 5/12-1001(b)** | **1.91** | **1.91** |
| **Checking Account Ending with 2400** | | | |
| **50% Interest with Non Filing Spouse** | | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Used Household Goods, Furniture and** | **735 ILCS 5/12-1001(b)** | **128.09** | **1,380.00** |
| **Appliances** | | | |
| | | | |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Defined Benefit** | **735 ILCS 5/12-1006** | **100%** | **0.00** |
| **Pension** | | | |
| **No Current Cash Value** | | | |
| | | | |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Anticipated 2013 Tax Refund** | **735 ILCS 5/12-1001(b)** | **1,250.00** | **2,500.00** |
| **50% Interest with Non Filing Spouse** | | | |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2005 Dodge Caravan SXT with 90,000 Miles** | **735 ILCS 5/12-1001(c)** | **2,400.00** | **4,148.00** |
| **Value Per KBB, PPV** | **735 ILCS 5/12-1001(b)** | **1,748.00** | |
| | | | |
| **2012 Honda CRF50F Moto Cross (Child)** | **735 ILCS 5/12-1001(b)** | **850.00** | **850.00** |
| **Value Per Nadaguide.com** | | | |

                                                                Total:        **21,400.00**       **122,772.91**

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re    **Todd Stanley Grigsby**                                          Case No. _____
_____,
                            Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. **xxxxxxx4230** <br><br> **Ally Financial** <br> **200 Renaissance Center** <br> **Detroit, MI 48243** | | | - | | Opened 11/01/10  Last Active 12/13/13 <br><br> **Vehicle Lien** <br><br> **2010 Chrysler Town & Country with 32,000 Miles** <br> **Value Per KBB, PPV** | | | | | |
| | | | | | Value $          **13,880.00** | | | | **18,639.00** | **4,759.00** |
| Account No. **xxxxx8953** <br><br> **American Honda Finance** <br> **1220 Old Alpharetta Road** <br> **Alpharetta, GA 30005** | | | - | | Opened 12/01/11  Last Active 12/09/13 <br><br> **Vehicle Lien** <br><br> **2007 Honda CRF80F MotoCross** <br> **Value Per Nadaguide.com** | | | | | |
| | | | | | Value $             **870.00** | | | | **810.00** | **0.00** |
| Account No. **xxxxxx8907** <br><br> **Nationstar Mortgage** <br> **350 Highland Drive** <br> **Lewisville, TX 75067** | | | - | | **First Mortgage** <br> **608 Springbrook Trail North** <br> **Oswego, Illinois 60543** <br> **Townhome** <br> **Purchased in February 2005 (Purchase Price $183,000.00)** <br> **Value Per Zillow.com** | | | | | |
| | | | | | Value $          **113,871.00** | | | | **146,836.08** | **32,965.08** |
| Account No. <br><br> **Bank Of America, N.A. \*** <br> **401 N. Tryon Street** <br> **NC1-021-02-20** <br> **Charlotte, NC 28255** | | | | | **Additional Notice Sent To:** <br> **Nationstar Mortgage** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| ___**1**___ continuation sheets attached | | | | | Subtotal <br> (Total of this page) | | | | **166,285.08** | **37,724.08** |

B6D (Official Form 6D) (12/07) - Cont.

In re  **Todd Stanley Grigsby**                                            ,        Case No. _____
                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W / J C | | | | | | |
| Account No. **xxxxxxxx0770** | | | **Opened  4/01/05  Last Active  8/30/13** | | | | | |
| **Select Portfolio Servicing 3815 SW Temple Salt Lake City, UT 84165** | - | | **Second Mortgage 608 Springbrook Trail North Oswego, Illinois 60543 Townhome Purchased in February 2005 (Purchase Price $183,000.00) Value Per Zillow.com** | | | | | |
| | | | Value $                       **113,871.00** | | | | **33,906.00** | **33,906.00** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet  **1**  of  **1**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | **33,906.00** | **33,906.00** |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | **200,191.08** | **71,630.08** |

B6E (Official Form 6E) (4/13)

In re    **Todd Stanley Grigsby**                                                    ,    Case No. _____
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**    continuation sheets attached

B6F (Official Form 6F) (12/07)

In re **Todd Stanley Grigsby** _____ , Case No. _____
                                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxx8395<br><br>BarClays Bank PLC<br>PO Box 8803<br>Wilmington, DE 19899 | - | | | Opened 10/01/05 Last Active 9/12/13<br>Credit Card | | | | 35.00 |
| Account No.<br><br>Barclay Bank<br>P.O Box 13337<br>Philadelphia, PA 19101 | | | | Additional Notice Sent To:<br>BarClays Bank PLC | | | | Notice Only |
| Account No. xxxxxxxxxxx0040<br><br>Capital One, N.A. *<br>c/o American Infosource<br>P.O Box 54529<br>Oklahoma City, OK 73154 | - | | | Opened 4/01/13 Last Active 9/06/13<br>Credit Card | | | | 621.00 |
| Account No.<br><br>Capital One, N.A.*<br>1680 Capital One Drive<br>Mc Lean, VA 22102 | | | | Additional Notice Sent To:<br>Capital One, N.A. * | | | | Notice Only |

__8__ continuation sheets attached

Subtotal
(Total of this page) ................................ 656.00

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com      S/N:43686-131212   Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Todd Stanley Grigsby** _____,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxx6607<br><br>Capital One, N.A. *<br>c/o American Infosource<br>P.O Box 54529<br>Oklahoma City, OK 73154 | - | | | Credit Card | | | | 23.00 |
| Account No.<br><br>Capital One, N.A.*<br>1680 Capital One Drive<br>Mc Lean, VA 22102 | | | | Additional Notice Sent To:<br>Capital One, N.A. * | | | | Notice Only |
| Account No. xxxxxxxxxxx0756<br><br>Capital One, N.A.*<br>1680 Capital One Drive<br>Mc Lean, VA 22102 | - | | | Opened 12/01/12 Last Active 9/20/13<br>Credit Card | | | | 1,682.00 |
| Account No.<br><br>Capital One, N.A. *<br>c/o American Infosource<br>P.O Box 54529<br>Oklahoma City, OK 73154 | | | | Additional Notice Sent To:<br>Capital One, N.A.* | | | | Notice Only |
| Account No. xxxxxxxxxxx1907<br><br>Chase *<br>ATTN: Bankruptcy Department<br>P.O. Box 15298<br>Wilmington, DE 19850 | - | | | Opened 10/01/05 Last Active 9/12/13<br>Credit Card | | | | 385.00 |

Sheet no. __1__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **2,090.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Todd Stanley Grigsby**                                        , Case No. _____
                                 Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | | | | | |
| **Chase \*** **3415 Vision Drive** **Mail Code OH4-7142** **Columbus, OH 43219** | | | Additional Notice Sent To: Chase \* | | | | **Notice Only** |
| Account No. **xxxxxxxxxxxx7012** | | | Opened 6/01/12 Last Active 10/14/13 Credit Card | | | | |
| **Citicorp Credit Services \*** **ATTN: Internal Recovery; Centralized Bk** **P.O. Box 20507** **Kansas City, MO 64195** | | - | | | | | **4,950.00** |
| Account No. **xxxxxxxxxxxx7340** | | | Opened 8/01/11 Last Active 9/20/13 Credit Card | | | | |
| **Citicorp Credit Services \*** **ATTN: Internal Recovery; Centralized Bk** **P.O. Box 20507** **Kansas City, MO 64195** | | - | | | | | **635.00** |
| Account No. **xxxxxxxxxxxx3506** | | | Opened 12/01/11 Last Active 9/13/13 Credit Card | | | | |
| **Credit One Bank** **P.O Box 98872** **Las Vegas, NV 89193** | | - | | | | | **995.00** |
| Account No. | | | | | | | |
| **Credit One Bank** **585 Pilot Rd** **Las Vegas, NV 89119** | | | Additional Notice Sent To: Credit One Bank | | | | **Notice Only** |

Sheet no. __2___ of __8___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**6,580.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Todd Stanley Grigsby**                                              , Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Credit One Bank** <br> **PO Box 740237** <br> **Atlanta, GA 30374** | | | Additional Notice Sent To: <br> **Credit One Bank** | | | | **Notice Only** |
| Account No. <br><br> **Diversified Services Group** <br> **1824 W. Grand Avenue, Suite 200** <br> **Chicago, IL 60622** | | - | Collection | | | | **250.00** |
| Account No. <br><br> **DMG Surgical Center, LLC** <br> **1593 Paysphere Circle** <br> **Chicago, IL 60674** | | - | Medical | | | | **1,004.42** |
| Account No. **xxxxxxxx5885** <br><br> **DuPage Medical Group** <br> **15921 Collections Center Drive** <br> **Chicago, IL 60693-0159** | | - | Medical | | | | **293.37** |
| Account No. **xx7927** <br><br> **Dupage Valley Anesthesia** <br> **801 S. Washington Street** <br> **Naperville, IL 60540** | | - | Medical | | | | **198.75** |

Sheet no. __3__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,746.54**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Todd Stanley Grigsby**                                          ,     Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Equifax Information Services, LLC** <br> **1550 Peachtree Street NW** <br> **Atlanta, GA 30309** | - | | **Notice Only** | | | | **0.00** |
| Account No. <br><br> **Experian Information Solutions, Inc.** <br> **475 Anton Boulevard** <br> **Costa Mesa, CA 92626** | - | | **Notice Only** | | | | **0.00** |
| Account No. xxxxxxxxxxxx3226 <br><br> **GE Capital Retail Consumer Finance** <br> **1600 Summer Street** <br> **Fifth Floor** <br> **Stamford, CT 06905** | - | | **Opened 6/01/11 Last Active 10/04/13** <br> **Credit Card** <br> **Care Credit** | | | | **5,173.00** |
| Account No. xxxxxxxxxxxx9661 <br><br> **GE Capital Retail Consumer Finance** <br> **1600 Summer Street** <br> **Fifth Floor** <br> **Stamford, CT 06905** | - | | **Opened 3/01/13 Last Active 10/13/13** <br> **Credit Card** <br> **Dicks** | | | | **828.00** |
| Account No. <br><br> **Johnson, Mitchell & Schneider, Inc.** <br> **PO Box 916** <br> **Genoa, IL 60135** | - | | **Collection** <br> **Medical** | | | | **894.10** |

Sheet no. __4__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**6,895.10**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Todd Stanley Grigsby**                                        ,    Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | | - | Collection: Notice Only | | | | |
| **Medical Business Bureau** **1175 Deven Drive, Suite 173** **Morton Shores, MI 49441** | | | | | | | | 0.00 |
| Account No. xxxxxx7697 | | | - | Collection: Edwards Hospital | | | | |
| **MQC Collection Services** **PO Box 140250** **Toledo, OH 43614** | | | | | | | | 103.50 |
| Account No. | | | | Deficiency Judgement Due to Inevitable Foreclosure of Real Property Located at 608 Springbrook Trail North, Oswego, Illinois | | | | |
| **Nationstar Mortgage** **350 Highland Drive** **Lewisville, TX 75067** | | | | | | | | 32,965.08 |
| Account No. | | | - | Collections | | | | |
| **Nationwide Credit & Collection** **P.O. Box 3159** **Hinsdale, IL 60522** | | | | | | | | 1,004.00 |
| Account No. | | | | Additional Notice Sent To: Nationwide Credit & Collection | | | | Notice Only |
| **Nationwide Credit & Collection, Inc.*** **815 Commerce Drive** **Suite 270** **Oak Brook, IL 60523** | | | | | | | | |

Sheet no. __5__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

34,072.58

B6F (Official Form 6F) (12/07) - Cont.

In re   **Todd Stanley Grigsby**                                        ,      Case No. _____
                                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx9044**<br><br>**Rush-Copley**<br>**2000 Ogden Avenue**<br>**Aurora, IL 60504** | | - | Medical | | | | 199.95 |
| Account No.<br><br>**Medical Business Bureau**<br>**1175 Deven Drive, Suite 173**<br>**Morton Shores, MI 49441** | | | Additional Notice Sent To:<br>Rush-Copley | | | | Notice Only |
| Account No.<br><br>**Medical Business Bureau**<br>**1460 Renaissance D Suite 400**<br>**Park Ridge, IL 60068** | | | Additional Notice Sent To:<br>Rush-Copley | | | | Notice Only |
| Account No. **xxxx1284**<br><br>**Rush-Copley**<br>**2000 Ogden Avenue**<br>**Aurora, IL 60504** | | - | Medical | | | | 161.65 |
| Account No. **xxxx9044**<br><br>**Rush-Copley**<br>**2000 Ogden Avenue**<br>**Aurora, IL 60504** | | - | Medical | | | | 88.21 |

Sheet no. __6__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

449.81

B6F (Official Form 6F) (12/07) - Cont.

In re    **Todd Stanley Grigsby** _____,    Case No. _____
                                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx4643**<br><br>**Rush-Copley**<br>**2000 Ogden Avenue**<br>**Aurora, IL 60504** | | - | **Medical** | | | | **250.00** |
| Account No.<br><br>**Trans Union LLC**<br>**1561 E. Orangethorpe Avenue**<br>**Fullerton, CA 92831** | | - | **Notice Only** | | | | **0.00** |
| Account No. **xxxxxxxxxxx8581**<br><br>**US Department of Education**<br>**Po Box 530260**<br>**Atlanta, GA 30353** | | | **Opened 8/01/96 Last Active 12/31/13**<br>**Educational** | | | | **16,408.00** |
| Account No.<br><br>**Department of Education**<br>**FedLoan Servicing**<br>**PO Box 530210**<br>**Atlanta, GA 30353** | | | **Additional Notice Sent To:**<br>**US Department of Education** | | | | **Notice Only** |
| Account No.<br><br>**US Department of Education**<br>**400 Maryland Avenue, SW**<br>**Washington, DC 20202** | | | **Additional Notice Sent To:**<br>**US Department of Education** | | | | **Notice Only** |

Sheet no. __7__ of __8__ sheets attached to Schedule of                     Subtotal                    **16,658.00**
Creditors Holding Unsecured Nonpriority Claims                     (Total of this page)

B6F (Official Form 6F) (12/07) - Cont.

In re   **Todd Stanley Grigsby** _____,   Case No. _____
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**US Department of Education Potomac Center Plaza (PCP) 550 12th Street, SW Washington, DC 20202** | | | **Additional Notice Sent To: US Department of Education** | | | | **Notice Only** |
| Account No. <br><br>**US Department of Education Capitol Place 555 New Jersey Ave, NW Washington, DC 20208** | | | **Additional Notice Sent To: US Department of Education** | | | | **Notice Only** |
| Account No. <br><br><br> | | | | | | | |
| Account No. <br><br><br> | | | | | | | |
| Account No. <br><br><br> | | | | | | | |

Sheet no. __**8**__ of __**8**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)   **0.00**

Total (Report on Summary of Schedules)   **69,148.03**

B6G (Official Form 6G) (12/07)

.

In re    **Todd Stanley Grigsby**                                                    ,    Case No. _____
                                        Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re  **Todd Stanley Grigsby**                                                                    ,    Case No. _____
                                                    Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                                            Best Case Bankruptcy

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Todd Stanley Grigsby** |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I

# Schedule I: Your Income                                   12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed  ☐ Not employed | ■ Employed  ☐ Not employed |
| | Occupation | **Road Driver** | **Teacher Assistant** |
| | Employer's name | **UPS Freight** | **Plank Junior High School** |
| | Employer's address | **175 Kendall Point Drive Oswego, IL 60543** | **510 Secretorial Lane Oswego, IL 60543** |
| | How long employed there? | **7 Years** | **3 Months** |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **6,789.60** | $ **1,481.88** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $ **6,789.60** | $ **1,481.88** |

Debtor 1   **Todd Stanley Grigsby**                                    Case number (*if known*) _____

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** ............................................. | 4. | $ **6,789.60** | $ **1,481.88** |

5. **List all payroll deductions:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ **1,065.44** | $ **186.12** |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ **0.00** | $ **66.68** |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ **0.00** | $ **0.00** |
| 5d. | Required repayments of retirement fund loans | 5d. | $ **0.00** | $ **0.00** |
| 5e. | Insurance | 5e. | $ **150.02** | $ **0.00** |
| 5f. | Domestic support obligations | 5f. | $ **0.00** | $ **0.00** |
| 5g. | Union dues | 5g. | $ **70.42** | $ **41.78** |
| 5h. | Other deductions. Specify:   Drive Deduction | 5h.+ | $ **8.67** + | $ **0.00** |

6. **Add the payroll deductions.**  Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6.  $ **1,294.55**   $ **294.58**

7. **Calculate total monthly take-home pay.**  Subtract line 6 from line 4.  7.  $ **5,495.05**   $ **1,187.30**

8. **List all other income regularly received:**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **0.00** |
| 8b. | **Interest and dividends** | 8b. | $ **0.00** | $ **0.00** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **0.00** |
| 8d. | **Unemployment compensation** | 8d. | $ **0.00** | $ **0.00** |
| 8e. | **Social Security** | 8e. | $ **0.00** | $ **0.00** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **0.00** |
| 8g. | **Pension or retirement income** | 8g. | $ **0.00** | $ **0.00** |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ | $ **0.00** + | $ **0.00** |

9. **Add all other income.**  Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9.  $ **0.00**   $ **0.00**

10. **Calculate monthly income.**  Add line 7 + line 9.  10.  $ **5,495.05**  +  $ **1,187.30**  =  $ **6,682.35**
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
Specify: _____   11.  +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.**  The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies   12.  $ **6,682.35**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■  No.
☐  Yes. Explain: _____

**Fill in this information to identify your case:**

Debtor 1          **Todd Stanley Grigsby**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household

## Official Form B 6J

# Schedule J: Your Expenses                              12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number
(if known). Answer every question.

**Part 1:      Describe Your Household**

1.  **Is this a joint case?**

    ☒ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**          ☐ No

    Do not list Debtor 1 and
    Debtor 2.

    Do not state the dependents'
    names.

    ☒ Yes. Fill out this information for
    each dependent...........

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 6 Years | ☐ No  ☒ Yes |
| Daughter | 8 Years | ☐ No  ☒ Yes |
| Daughter | 9 Years | ☐ No  ☒ Yes |
| Stepson | 13 Years | ☐ No  ☒ Yes |
| Stepson | 15 Years | ☐ No  ☒ Yes |

3.  **Do your expenses include
    expenses of people other than
    yourself and your dependents?**      ☒ No
                                          ☐ Yes

**Part 2:      Estimate Your Ongoing Monthly Expenses**

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the
applicable date.

Include expenses paid for with non-cash government assistance if you know the value of
such assistance and have included it on *Schedule I: Your Income* (Official Form 6I).

|  | Your expenses |
|---|---|

4.  The rental or home ownership expenses for your residence. Include first mortgage payments
    and any rent for the ground or lot.                                     4.  $                    1,800.00

    **If not included in line 4:**

    4a.    Real estate taxes                                                 4a.  $                      0.00
    4b.    Property, homeowner's, or renter's insurance                      4b.  $                     16.00
    4c.    Home maintenance, repair, and upkeep expenses                     4c.  $                      0.00
    4d.    Homeowner's association or condominium dues                       4d.  $                      0.00

5.  Additional mortgage payments for your residence, such as home equity loans    5.  $              318.67

Debtor 1  **Todd Stanley Grigsby** _____   Case number (if known) _____

Debtor 1 __**Todd Stanley Grigsby**_____     Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. Electricity, heat, natural gas | 6a. $ | | **325.00** |
| | 6b. Water, sewer, garbage collection | 6b. $ | | **200.00** |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | | **410.00** |
| | 6d. Other. Specify: | 6d. $ | | **0.00** |
| 7. | **Food and housekeeping supplies** | 7. $ | | **1,700.00** |
| 8. | **Childcare and children's education costs** | 8. $ | | **350.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $ | | **200.00** |
| 10. | **Personal care products and services** | 10. $ | | **75.00** |
| 11. | **Medical and dental expenses** | 11. $ | | **75.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $ | | **400.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $ | | **50.00** |
| 14. | **Charitable contributions and religious donations** | 14. $ | | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. Life insurance | 15a. $ | | **0.00** |
| | 15b. Health insurance | 15b. $ | | **0.00** |
| | 15c. Vehicle insurance | 15c. $ | | **102.00** |
| | 15d. Other insurance. Specify: | 15d. $ | | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. $ | | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. Car payments for Vehicle 1 | 17a. $ | | **488.96** |
| | 17b. Car payments for Vehicle 2 | 17b. $ | | **81.00** |
| | 17c. Other. Specify: **Student Loan Repayment** | 17c. $ | | **162.00** |
| | 17d. Other. Specify: | 17d. $ | | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. $ | | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | $ | | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. Mortgages on other property | 20a. $ | | **0.00** |
| | 20b. Real estate taxes | 20b. $ | | **0.00** |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ | | **0.00** |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ | | **0.00** |
| | 20e. Homeowner's association or condominium dues | 20e. $ | | **0.00** |
| 21. | **Other:** Specify: **Gym Membership** | 21. +$ | | **56.00** |
| | **Pet Care** | +$ | | **50.00** |
| | **I Pass/Tolls** | +$ | | **50.00** |
| | **Non Filing Spouse Credit Card Debt** | +$ | | **400.00** |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | 22. $ | | **7,309.63** |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | | **6,682.35** |
| | 23b. Copy your monthly expenses from line 22 above. | 23b. -$ | | **7,309.63** |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | | **-627.28** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes. Explain: _____

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Todd Stanley Grigsby** _____   Case No. _____

Debtor(s)     Chapter   **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __26__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **January 30, 2014** _____     Signature   **/s/ Todd Stanley Grigsby** _____

**Todd Stanley Grigsby**
Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Todd Stanley Grigsby** _____   Case No. _____

_____
Debtor(s)   Chapter   **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$2,200.00** | **2014 YTD Gross Income (Debtor)** **Per Pay Advices** |
| **$725.00** | **2014 YTD Gross Income (Non Filing Spouse)** **Per Pay Advices** |
| **$83,441.88** | **2013 Gross Income (Debtor)** **Per Pay Advices** |
| **$10,705.96** | **2013 Gross Income (Non Filing Spouse)** **Per Pay Advices** |
| **$89,898.00** | **2012 Gross Income (Joint)** **Per Tax Return** |

B7 (Official Form 7) (04/13)
2

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---|---|
| **$1,349.00** | **2012 Misc 1099 Income (Joint)** |
| | **Per Tax Return** |

**3. Payments to creditors**

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*  *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**5. Repossessions, foreclosures and returns**

None
■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None
■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
■    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
■    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

B7 (Official Form 7) (04/13)
4

**9. Payments related to debt counseling or bankruptcy**

None
☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Sulaiman Law Group LTD**<br>**900 Jorie Blvd**<br>**Ste 150**<br>**Oak Brook, IL 60523** | **10/14/2013 - 1/27/2014** | **$3146.00 Attorney Fees**<br>**$354.00 Costs (Filing Fee,**<br>**Credit Report, Credit**<br>**Counseling)** |

**10. Other transfers**

None
■    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor,
transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
■    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

B7 (Official Form 7) (04/13)
5

**14. Property held for another person**

None
■    List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER          DESCRIPTION AND VALUE OF PROPERTY          LOCATION OF PROPERTY

**15. Prior address of debtor**

None
■    If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                              NAME USED                              DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None
■    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None
■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS          NAME AND ADDRESS OF          DATE OF          ENVIRONMENTAL
                               GOVERNMENTAL UNIT            NOTICE           LAW

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF
GOVERNMENTAL UNIT                    DOCKET NUMBER                    STATUS OR DISPOSITION

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

B7 (Official Form 7) (04/13)
7

**20. Inventories**

None
■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |

None
■   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |

**21 . Current Partners, Officers, Directors and Shareholders**

None
■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None
■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

**22 . Former partners, officers, directors and shareholders**

None
■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
| --- | --- | --- |

None
■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
| --- | --- | --- |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**24. Tax Consolidation Group.**

None
■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
| --- | --- |

B7 (Official Form 7) (04/13)
8

---

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **January 30, 2014**                Signature    **/s/ Todd Stanley Grigsby**
                                                        **Todd Stanley Grigsby**
                                                        Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Todd Stanley Grigsby**

Debtor(s)

Case No. _____

Chapter **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

---

Property No. 1

| **Creditor's Name:**<br>**Ally Financial** | **Describe Property Securing Debt:**<br>**2010 Chrysler Town & Country with 32,000 Miles**<br>**Value Per KBB, PPV** |
|---|---|

Property will be (check one):
- ☐ Surrendered      ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt      ■ Not claimed as exempt

---

Property No. 2

| **Creditor's Name:**<br>**American Honda Finance** | **Describe Property Securing Debt:**<br>**2007 Honda CRF80F MotoCross**<br>**Value Per Nadaguide.com** |
|---|---|

Property will be (check one):
- ☐ Surrendered      ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt      ■ Not claimed as exempt

---

B8 (Form 8) (12/08)                                                                                          Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Nationstar Mortgage** | **Describe Property Securing Debt:**<br>**608 Springbrook Trail North**<br>**Oswego, Illinois 60543**<br>**Townhome**<br>**Purchased in February 2005 (Purchase Price $183,000.00)**<br>**Value Per Zillow.com** |

Property will be (check one):
☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain   **Retain and Maintain; Subject to Reasonable Loan Modification**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Select Portfolio Servicing** | **Describe Property Securing Debt:**<br>**608 Springbrook Trail North**<br>**Oswego, Illinois 60543**<br>**Townhome**<br>**Purchased in February 2005 (Purchase Price $183,000.00)**<br>**Value Per Zillow.com** |

Property will be (check one):
☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
■ Other.  Explain   **Retain and Maintain; Subject to Reasonable Loan Modification**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES           ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **January 30, 2014**　　　　　　　　　　　Signature  **/s/ Todd Stanley Grigsby**

**Todd Stanley Grigsby**
Debtor

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Todd Stanley Grigsby** _____    Case No. _____
_____
Debtor(s)    Chapter   **7** _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,146.00** |
| Prior to the filing of this statement I have received | $ | **3,146.00** |
| Balance Due | $ | **0.00** |

2.    $   **306.00**   of the filing fee has been paid.

3.    The source of the compensation paid to me was:

    ■ Debtor        ☐ Other (specify):

4.    The source of compensation to be paid to me is:

    ■ Debtor        ☐ Other (specify):

5.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.   [Other provisions as needed]

7.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

    **Representation of the Debtor in any dischargeability actions, relief from stay actions, preparation and filing of reaffirmation agreements and applications as needed or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **January 30, 2014** _____        **/s/ Nathan Volheim** _____
**Nathan Volheim**
**Sulaiman Law Group, Ltd.**
**900 Jorie Boulevard**
**Suite 150**
**Oak Brook, IL 60523**
**630-575-8181  Fax: 630-575-8188**
**mbadwan@sulaimanlaw.com**

---

# SULAIMAN LAW GROUP, LTD
## ATTORNEY – CLIENT LEGAL SERVICES AGREEMENT
## CHAPTER 7 CONVERSION

### OUR LAW FIRM IS A DEBT RELIEF AGENCY. WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE BANKRUPTCY CODE.

In consideration for services to be rendered to undersigned Clients Todd Grigsby, 608 Springbrook Trail North, Oswego, IL 60543 ("Client") by Sulaiman Law Group, LTD ("Attorney") located at 900 Jorie Blvd. Suite 150, Oak Brook, IL 60523, in connection with representing Client regarding bankruptcy matters, Client, jointly and severally agrees to pay Attorney as follows:

1.      An estimated amount of $3,500.00 is required to be paid for representation in Client bankruptcy case.  At least $_____ is to be paid by Client before Attorney begins work on Client's petition. The remaining balance is due when Client's petition is filed.

A partial retainer of $ 300 was paid on October 14, 2013 leaving a balance of $ 3200 due prior to the petition being filed.  A retainer is an advance payment for Attorney services and the expenses Attorney may incur on Clients behalf and does cover the court filing fee.  Attorney has agreed to pay all costs related to federal filing fees and credit counseling as part of the retainer.  Client understands that such amount will be credited against any amount Client owes Attorney.

Client acknowledges that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to immediately pay Attorney a $40.00 fee in addition to the amount of the returned check.  This payment and any future payments must therefore be made in cash, money order or debit card.

Client acknowledges that any postage required for noticing motions related to the bankruptcy may be charged to Client, depending on the motion and the cost of postage.

Client acknowledges that there is a $250 fee in the event the Client fails to attend the 341 Creditor's Meeting without notifying the attorney 24 hours in advance.

Client acknowledges that failure to appear at two consecutive 341 Creditor's Meeting may result in the dismissal of the case.

Client has duty to provide Attorney with all documentation necessary for representation (paystubs, tax returns, completed general information intake, etc.) within 7 days of retention.  By initialing below, Client acknowledges this duty:

Client Initial Here  TG        .                    Client Initial Here _____

Client acknowledges there is a $250 fee if Client fails to provide Attorney within 60 days of retention all required documents (paystubs, tax returns, completed general information intake, etc.) for Attorney to draft Client's petition.

Client acknowledges that failure to make any payments on ANY SECURED debt may result in the repossession or foreclosure of real or personal property.  Client acknowledges that payments on secured debts must still be paid if Client wishes to retain the property (car, home, etc.)

Client acknowledges that filing bankruptcy will sever personal liability of most debts incurred prior to filing of bankruptcy.  Once a bankruptcy discharge is obtained, Client's credit report will

Client Initial Here  TG        .                    Client Initial Here _____

not reflect timely payments made on debts prior to filing bankruptcy unless a reaffirmation agreement is entered into with the creditor.

Client acknowledges that a creditor is not obligated to enter into a reaffirmation agreement reaffirming the debt owed by Client. A reaffirmation agreement MUST be entered into bilaterally and CAN NOT be forced upon creditor or Client.

Client acknowledges there is a $275 fee for Attorney to execute up to 2 reaffirmation agreements on behalf of Client. In the event Client wishes to opt in for this service, the Attorney shall review the reaffirmation agreement and represent the Client at hearing if one is required. There shall be a $150 fee for any additional reaffirmation agreements.

Client acknowledges that Attorney cannot guarantee that a Chapter 7 will be successful and will use his best efforts in order to facilitate a successful Chapter 7 filing. Client acknowledges that passing the means test does not guarantee that Client will be able to file a successful Chapter 7.

Client acknowledges that the US Trustee has the right to dismiss a Chapter 7 case if it believes the case is abusive. In the event the US Trustee files a motion to dismiss for substantial abuse, Client has two options: 1) engage Attorney to defend against such a motion at a rate of $275/hr or convert to a Chapter 13. Client acknowledges that converting to a Chapter 13 will require a new retainer at a fee to be discussed by Attorney and Client. Client acknowledges that the fee for the Chapter 7 will not be credited toward the fee for a Chapter 13 filing.

This is a Classic Retainer, and Client acknowledges that all fees paid to Attorney are fees earned under said Classic Retainer. Attorney shall pay all fees associated as needed relating to all work contemplated herein by this representation. Unless stated otherwise, no fees shall be placed into any trust account. Client will not receive a refund of legal fees paid for any reason. In the event that the case is not filed with the bankruptcy court for any reason, the money tendered to Sulaiman Law Group will not be refunded to Client under any circumstances.

Client acknowledges the case will not be filed with the court unless all fees for a Chapter 7 are paid and Client has reviewed and signed off on their bankruptcy schedules.

Client acknowledges Attorney will use his best efforts to file Client's Bankruptcy Petition within 30-60 days of final payment AND complete documentation submission to Attorney's office.

Client hereby authorizes Attorney to obtain information about Client's assets, prior addresses, liens, judgments, prior bankruptcy filings, motor vehicle registrations, voter registration, and other public and non-public information that will be used to verify and ensure the completeness of the information Client provides Attorney.

Client acknowledges that a secured creditor, at its discretion, may choose to exercise its state/contractual rights as to the collateral in the event the Client does not reaffirm on the debt.

Client acknowledges that a secured creditor will not positively report payments to the major credit bureaus on a debt that has not been reaffirmed.

Client acknowledges that a creditor may enforce, at their discretion, any setoff provision in a contract previously entered into.

Client Initial Here   _JG_                        Client Initial Here   _____

Client acknowledges that filing bankruptcy may be grounds for default of certain contractual obligations, and therefore, the loan may be accelerated and become due against the Client and/or co-signer. (Ex: Student loans)

**Client acknowledges that there are inherent risks for filing a Chapter 7 bankruptcy, including the fact that property may be liquidated (sold) by the Chapter 7 Trustee to pay debts in some cases. Client also acknowledges that the 2005 amendments to the Bankruptcy Code are subject to different interpretations and that there are inherent risks in the how the Judges and Courts will apply various provisions. Examples include but are not limited to the calculation of income, how and when to liquidate assets or property, what exemptions apply to protect Client's property, whether property may be sold to satisfy domestic support obligations, and whether Client qualifies for a Chapter 7.**

**Client acknowledges that he/she has affirmative duty to notify Attorney of any sale date relating to any real property that is pending or is scheduled during representation. Client acknowledges that Attorney does not receive notice of any sale date relating to any real property from any third party. Client agrees to hold Attorney harmless in the event the case is filed after a sale date in which Client did not notify Attorney.**

2.      Attorney reserves the right to withdraw from Client representation if, among other things, Client fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical. Client is aware of an ethical requirement imposed upon all Attorneys in this state. If a Client, in the course of representation by an Attorney, perpetrates a fraud upon any person or tribunal, the Attorney is obligated to call upon the Client to rectify the same. If the Client refuses or is unable to do so, the Attorney is required to reveal the fraud to the affected person or tribunal.

3.      Since the outcome of negotiations and litigation is subject to factors which cannot always be foreseen, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee. Attorney cannot guarantee that Client will qualify for a Chapter 7.

4.      Client agrees that Attorney may discard Client records after five (5) years of the completion of the Client's bankruptcy case.

5.      Attorney shall provide Client with the following services:

a.      Review and analyze Client's financial circumstances based on information provided by Client.

b.      If possible and to the extent possible, based on the information provided by Client, advise Client of the Client's options, including but not limited to bankruptcy options.

c.      Inform Client what information Client needs to provide Attorney in order to allow Attorney to provide appropriate advice and option information, in the event such information Client provided is insufficient.

Client Initial Here ___YG___                          Client Initial Here _____

900 JORIE BOULEVARD - SUITE 150 - OAK BROOK, ILLINOIS 60523 - TEL 630.575.8181  -  FAX 630.575.8188

    d.    Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 bankruptcy, including the duties of Client connected with such filing.

    e.    Quote the Client an estimated fee, to the extent possible given the information provided by Client, for the Attorney's service relative to providing bankruptcy assistance or other legal services to Client.

    f.    Assuming that a U.S. Bankruptcy proceeding is filed, Attorney services will include all typical Attorney required participation in such proceeding, including but not limited to, appearances at Court hearings, preparation of legal memoranda, and communication with opposing counsel and parties.

    g.    If Clients proceeding requires additional, but not customary work, Attorney will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

    6.    Client acknowledges his/her obligation to make full and complete disclosure of all assets and all liabilities, and to provide all documents and information requested by the Attorney, before the bankruptcy petition can be prepared and filed with the court including but not limited to the following:

- Accurate and complete information for Client's bankruptcy petition, schedules, and statement of financial affairs.

- Disclosure of all lawsuits Client is involved in whether Client is a plaintiff or defendant, even if they haven't started in court yet.

- Disclosure of all transfers of property to friends or relatives within the past 4 years.

- Disclosure of all transfers of anything for less that it was worth within the past 4 years.

- Disclosure of all payments to creditors within 90 days before Client files their bankruptcy case.

- Disclosure of all payments made to friends or relatives on account of debts within the year before Client files bankruptcy case.

- Client decision to keep, surrender, or redeem (refinance) loans secured by real estate or personal property and indicate that on Client bankruptcy petition.

- Submission of most recent income tax return or tax transcript and Client's two most recent "pay advices" or "pay stubs" at the time of filing.

- Full cooperation with the bankruptcy trustee appointed to oversee Client's case.

- If Client's case is selected for audit, Client must cooperate with the auditor.

- Appearance at the "meeting of creditors" with the trustee appointed to oversee Client's case, which will happen within 30-40 days of filing. Failure to attend the meeting without notifying the attorney will result in a $250 fine.

Client Initial Here ____TG____             Client Initial Here _____

900 Jorie Boulevard - Suite 150 - Oak Brook, Illinois 60523 - Tel 630.575.8181  - Fax 630.575.8188

- Completion of any reaffirmation agreement within 45 days after the date first scheduled for Client's first meeting of creditors.

    7.       In addition to the obligations and duties set forth in Paragraph 6; Client acknowledges that the following must be performed before eligibility for a Chapter 7 is determined:

**"MEANS TEST" ANALYSIS**

**Before you can file a Chapter & case- and get a discharge of all your debts.**

Congress requires that Client prove that Chapter 7 case is not an "abuse" of the bankruptcy system. People who make less than the median income for their family- size are not presumed to be abusing the system by filing Chapter 7. Attorney will still have to examine Client's budget of income and expenses to see if Client's case might be considered to be an abuse. People who have disposable income are supposed to file Chapter 13 cases in most instances.

People earning more than the median income are presumed to be abusing the bankruptcy system by filing Chapter 7 unless they pass the "means test". To determine whether Client passes the "means test", Attorney will complete a detailed analysis.

In order for Attorney to determine whether Client is eligible to file a Chapter 7 case, Attorney has to analyze and evaluate Client's financial situation. And in order to do this, Attorney is required to perform a "means test analysis". To do this, Client must provide the following documents to Attorney:

- Pay stubs or payment advices from Client's salaried employment for the past six months.
    - ➤ If Client has not been employed during this period, Client must give Attorney employment records including payments of unemployment benefits.

    - ➤ If Client is self-employed, Client must give Attorney evidence of Client's gross income and any business expenses deducted from Client's gross income for the past six months.

    - ➤ We must have records from the six month period before your filing date. If we have to redo your means test because your filing is delayed, we will charge additional fees.

If you earn less than the median income for a family size, you "pass" the means test without the need for additional analysis. However, if you make more than the median income, you must provide additional information for us to determine if you are eligible to file a Chapter 7 case.

**Here is the data we absolutely need to perform the mandatory means test analysis as prescribed by Congress for those earning more than the median income.** Please have it ready if we request it. Client may want to check-off each item as Client gathers and send his records.

- Last 90 days of bills that Client received from creditors regardless whether paid or not.

- Last 90 days of bank statements and check registers

Client Initial Here   _VG_____        Client Initial Here   _____

900 Jorie Boulevard - Suite 150 - Oak Brook, Illinois 60523 - Tel 630.575.8181  - Fax 630.575.8188

- Documents regarding any sale or transfer of any property within the last 2 years

- Documents regarding any transfer or payments to relatives within the last 2 years

- Income Tax Returns for the past 3 years

- Copies of motor vehicle certificates of title

- Copies of mortgages recorded against Client's real estate

- Copies of any listing contracts for Client's real estate

- Copies of any pension plan, IRA or other retirement accounts and data concerning any withdrawals within the past 6 months

- Copies of life insurance policies Client currently owns, practically with cash surrender value

- Copies of any pleadings for any lawsuit involving Client

- Copies of any financing documents for any refinancing or non-purchase money, second or third mortgage loans obtained within the last 3 years

- Copies of most recent bills on mortgages, auto loan, life and health insurance policies

- Records of actual medical expenses during the past six months

- Records of tuition for private or parochial school paid during the six months

- Records concerning charitable contributions given during the past six months

- Records concerning internet or telecommunication expenses during the past six months

- Records concerning child support or alimony support paid or received during the past six months

Please provide all this information to our office as soon as possible. Attorney cannot even begin to work on Client's bankruptcy petition, statement of financial affairs, or filing until we have completed the "means test analysis." That's because Attorney can't determine Client's bankruptcy eligibility until completion of the "means test".

Once Attorney has completed the means test, Client and Attorney want to get the case filed as soon as possible because the "means test" accounts for Client's situation during the most recent six months. If another month passes, the original means test analysis is no longer valid. Attorney will have to do it again taking into account Client's income and expenses for the most recent month.

In addition, Attorney can't file Client's bankruptcy petition until Client has paid Attorney in full under this Agreement. If Client is not paid in full then any balance owed to Attorney will be discharged in the bankruptcy and can potentially cause a conflict of interest since Attorney has become a creditor of the Clients.

Client Initial Here  __JG__        Client Initial Here  _____

900 JORIE BOULEVARD - SUITE 150 - OAK BROOK, ILLINOIS 60523 - TEL 630.575.8181   - FAX 630.575.8188

7.      Client acknowledges that passing the "means test" does not guarantee that Client will receive a discharge. Client acknowledges that the US Trustee can file a motion to dismiss even though Client has passed the means test if the US Trustee believes the case is abusive under the "totality of circumstances" test. Attorney will exert his best efforts to avoid such a motion but does not guarantee that such a motion will not be filed. Client acknowledges that the cost of defending against such motion is $275/hr.

8.      Client acknowledges that he/she must attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petitions is filed and within the time frame allowed by statute. **Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame.**

9.      Client acknowledges that Attorney does not represent Client in any other type of case including but not limited to any foreclosure proceeding or lawsuits other than Clients current bankruptcy case. The Attorney may make a special appearance in a court, other than the Bankruptcy Court, for the purpose of filing a notification of Clients bankruptcy proceedings, and to suggest to another court that Clients proceedings should be stayed. Sending or receiving any summons or complaint, or notifying the Attorney of a pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court. Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement. Any referral made to another Attorney to represent Client is a courtesy only. The Attorney is not associated with any other Attorney outside of the undersigned Attorney's law offices.

10.     **Client acknowledges that the Attorney will not research creditor information, including addresses, account numbers, or balances. The Client must provide this information to the Attorney in writing. Failure to do so may result in unscheduled debts subject to non-dischargeability. Attorney will obtain a credit report for the Client but shall not be held accountable for any debts not listed on the Client's credit report. Client acknowledges duty to disclose ALL liabilities and debts. In the event Client forgets a creditor and the case is filed, Attorney will file an amended schedule to include the omitted creditor for a fee of $100.**

11.     Client agrees that the following matters are not included within the scope of this Bankruptcy Retainer Agreement. Client agrees that, as to the matters listed below, the Attorney will not take any action on Clients behalf, without a written request and/or a separate Retainer Agreement and possibly an additional retainer:

    a.      **Motion for relief or to modify the automatic stay**
    b.      Motions to revoke a discharge.
    c.      Removal of a pending action in another court.
    d..     Obtaining title reports.
    e.      The determination of real estate or tax liens.
    f.      Appeals to the BAP, District Court or Court of Appeals.
    g.      Negotiations with Check Systems regarding Client.
    h.      Motions to Dismiss Client's bankruptcy case filed by the Trustee, U.S. Trustee, or any creditor.

Client Initial Here ___*JG*___                        Client Initial Here _____

i.   Any adversary proceeding filed by the Trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine dischargability of debts.

j.   Preparing reaffirmation agreements, negotiating the terms of reaffirmation agreements proposed by creditors, motions to redeem personal property, and negotiating reaffirmation agreements when Clients income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation agreement.

k.   Motion to impose or extend the bankruptcy stay.

l.   Removal or avoidance of any liens attached to Client's personal or real property.

12.   Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Clients bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

a.   Certain types of taxes, custom duties, or debts to pay taxes or custom duties.

b.   Student loans. Client acknowledges that in rare instances, the student loan provider can charge off the loan and pursue its state remedies against the co-signor of the student loan. Client agrees to hold Attorney harmless, in the event the aforementioned occurs.

c.   Debts owed for spousal or child support.

d.   Debts owed to the spouse, former spouse, or child in a domestic relations proceeding.

e.   Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived.

f.   Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.

g.   Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition.

h.   Cash advances obtained within seventy (70) days of the date of the filing of the bankruptcy petition.

i.   Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.

j.   Debts owed for fines, penalties, or forfeitures payable to and for the benefit of governmental entity.

k.   Debts owed for death or personal injury arising from the operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol.

13.   Client understands that filing a Chapter 7 bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate in a Chapter 7 unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Client's statements concerning ownership of real property and any liens attached to Client's real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if Clients wishes to obtain one. **Client**

Client Initial Here ___TG___                         Client Initial Here _____

900 JORIE BOULEVARD - SUITE 150 - OAK BROOK, ILLINOIS 60523 - TEL 630.575.8181  -  FAX 630.575.8188

agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Clients real estate.

14.     Client understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee.  If Clients case is selected for an audit, Client agrees to pay Attorney the customary hourly rate for representing Client in such audit.

15.     Client understands that Attorney may charge additional fees if Client waits longer than ninety (90) days from the first date Attorney is retained to finalize the bankruptcy petition and schedules due to additional due diligence and other update work required to finalize the bankruptcy.

16.     Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement.  Client is in agreement with the terms of this agreement and has signed on the signature lines below.

17.     Client acknowledge that Attorney advised Client that conducting attorney-client conversations over cellular telephones, though not necessarily violating attorney-client privilege, involves potential risks of interception and such conversations cannot be considered confidential. Client signature in this disclaimer serves as Client informed consent to communicate with Attorney and/or service providers via cellular telephones should the need arise.

18.     Client further acknowledges that Attorney advised Client that sending unencrypted email can violate attorney-client privilege as it involves the potential risk of interception of client confidences. Client signature in this disclaimer serves as Client informed consent to communicate with Attorney and/or service providers via email.

19.     Attorney has advised Client that some electronic documents will be stored outside of his office on a secured SSL 128 bit encrypted storage facility. Client signature in this disclaimer serves as Client informed consent to the storage of Client personally identifiable electronic data in a secure SSL 128 bit encrypted online storage facility.


Dated:  October 14, 2013

_____
Client Signature

Todd  Grigsby
Client Printed Name


_____
Client Signature

Shelley  Grigsby   CNZ
Client Printed Name

_____
Attorney at Law


Client Initial Here   TG                Client Initial Here _____

900 JORIE BOULEVARD - SUITE 150 - OAK BROOK, ILLINOIS 60523 - TEL 630.575.8181  -  FAX 630.575.8188

B 201A (Form 201A) (11/12)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $46 administrative fee: Total fee $1,213)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Todd Stanley Grigsby**                                          Case No.
_____    _____
                                    Debtor(s)    Chapter    **7**
                                                            _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Todd Stanley Grigsby**                              X  **/s/ Todd Stanley Grigsby**          **January 30, 2014**
_____            _____
Printed Name(s) of Debtor(s)                      Signature of Debtor                    Date

Case No. (if known)    _____        X  _____
                                                  Signature of Joint Debtor (if any)      Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Todd Stanley Grigsby**

Debtor(s)

Case No.
Chapter    **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                    **35**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **January 30, 2014**

**/s/ Todd Stanley Grigsby**
**Todd Stanley Grigsby**
Signature of Debtor

Ally Financial
200 Renaissance Center
Detroit, MI 48243

American Honda Finance
1220 Old Alpharetta Road
Alpharetta, GA 30005

Bank Of America, N.A. *
401 N. Tryon Street
NC1-021-02-20
Charlotte, NC 28255

Barclay Bank
P.O Box 13337
Philadelphia, PA 19101

BarClays Bank PLC
PO Box 8803
Wilmington, DE 19899

Capital One, N.A. *
c/o American Infosource
P.O Box 54529
Oklahoma City, OK 73154

Capital One, N.A.*
1680 Capital One Drive
Mc Lean, VA 22102

Chase *
ATTN:  Bankruptcy Department
P.O. Box 15298
Wilmington, DE 19850

Chase *
3415 Vision Drive
Mail Code OH4-7142
Columbus, OH 43219

Citicorp Credit Services *
ATTN: Internal Recovery; Centralized Bk
P.O. Box 20507
Kansas City, MO 64195

Credit One Bank
P.O Box 98872
Las Vegas, NV 89193


Credit One Bank
585 Pilot Rd
Las Vegas, NV 89119


Credit One Bank
PO Box 740237
Atlanta, GA 30374


Department of Education
FedLoan Servicing
PO Box 530210
Atlanta, GA 30353


Diversified Services Group
1824 W. Grand Avenue, Suite 200
Chicago, IL 60622


DMG Surgical Center, LLC
1593 Paysphere Circle
Chicago, IL 60674


DuPage Medical Group
15921 Collections Center Drive
Chicago, IL 60693-0159


Dupage Valley Anesthesia
801 S. Washington Street
Naperville, IL 60540


Equifax Information Services, LLC
1550 Peachtree Street NW
Atlanta, GA 30309


Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, CA 92626


GE Capital Retail Consumer Finance
1600 Summer Street
Fifth Floor
Stamford, CT 06905

Johnson, Mitchell & Schneider, Inc.
PO Box 916
Genoa, IL 60135


Medical Business Bureau
1175 Deven Drive, Suite 173
Morton Shores, MI 49441


Medical Business Bureau
1460 Renaissance D Suite 400
Park Ridge, IL 60068


MQC Collection Services
PO Box 140250
Toledo, OH 43614


Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067


Nationwide Credit & Collection
P.O. Box 3159
Hinsdale, IL 60522


Nationwide Credit & Collection, Inc.*
815 Commerce Drive
Suite 270
Oak Brook, IL 60523


Rush-Copley
2000 Ogden Avenue
Aurora, IL 60504


Select Portfolio Servicing
3815 SW Temple
Salt Lake City, UT 84165


Trans Union LLC
1561 E. Orangethorpe Avenue
Fullerton, CA 92831


US Department of Education
Po Box 530260
Atlanta, GA 30353

```
US Department of Education
400 Maryland Avenue, SW
Washington, DC 20202


US Department of Education
Potomac Center Plaza (PCP)
550 12th Street, SW
Washington, DC 20202


US Department of Education
Capitol Place
555 New Jersey Ave, NW
Washington, DC 20208
```